## JOHN ROGERS v. STATE.

No. A-10170.   May 19, 1943.

(137 P. 2d 812.)

Billingsley & Kennerly, Crump & Carver, and D. E. Ashmore, all of Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, John Rogers, was charged in the district court of Seminole county with the crime of robbery with firearms after a former conviction of a felony, was tried before a jury who returned a verdict of guilty but left the punishment to the court; the defendant was thereupon sentenced to serve a term of 18 years in the State Penitentiary and has appealed.

The Attorney General has filed a motion to dismiss the appeal and affirm the judgment for the reason that although the appeal has been pending in this court for several months, no brief has been filed on behalf of the defendant and no appearance for oral argument made, and further alleges that the appeal was for delay only and wholly without merit.

This motion to dismiss the appeal and affirm the judgment was served on counsel for the defendant on February 16, 1943.   No response has been filed to said motion and no application made to this court for an extension of time in which to file a brief.

Rule 9 of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

Rule 14 provides, in part, as follows:

"* * * There may be united, with a motion to dismiss an appeal, a motion to affirm on the ground that, although the record may show that this court has jurisdiction, it is manifest the appeal was taken for delay only, or that the question on which the jurisdiction depends is so frivolous as not to need further argument."

In the recent case of Johnston v. State, 76 Okla. Cr. 39, 133 P. 2d 916, 917, it is stated:

"Where the defendant appeals from a judgment of conviction and no brief in support of the petition in error is submitted, and no appearance for oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This court will examine the record for jurisdictional errors. If no fundamental error appears, the judgment will be affirmed."

We have examined the record and find that defendant was positively identified as being one of two men who entered the Ross Davis grocery three miles north of Wewoka and at the point of a pistol robbed the proprietor of approximately $35 in money. It was stipulated at the trial that the defendant had formerly been convicted in the district court of Seminole county of the crime of burglary and sentenced to serve a term of two years in the State Penitentiary.

The information is sufficient to charge the crime with which the defendant was convicted, and we find no error in the instructions or in the judgment of the court. There are no fundamental errors apparent on the face of the record. It is our opinion that the defendant has had a fair and impartial trial and that the judgment of the district court of Seminole county should be affirmed.

It is so ordered.

BAREFOOT and DOYLE, JJ., concur.